■ In the Matter of DOMINIC RANALLI, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [672 NYS2d 872] —Determination of respondent Police Commissioner effective September 9, 1996, dismissing petitioner from his position as a police officer, and determination of respondent Board of Trustees, denying petitioner's application for disability retirement on the ground of his earlier dismissal as a police officer, unanimously confirmed, the peti-

tion denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Charles Ramos, J.], entered June 9, 1997) dismissed, without costs.

The Police Commissioner's determination that petitioner engaged in prohibited off-duty employment while on sick report, possessed a blackjack, had unauthorized ammunition in his firearm, and attempted to facilitate the sale of steroids is supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 180). The penalty of dismissal, based on misconduct that occurred when petitioner had been a police officer for only two years, and consequent loss of pension rights, does not shock our sense of fairness (compare, Matter of Ivory v City of N. Y., Dept. of Envtl. Protection, 125 AD2d 217, lv denied 70 NY2d 602). Concur—Rosenberger, J. P., Wallach, Tom and Saxe, JJ.